14-12-21 Bebley v. Air Force 14-12-21 Bebley v. Air Force 14-12-21 Bebley v. Air Force May it please the Court, I am here representing Mr. Luther Bebley III, the appellant in this process rights were violated by the agency and did that violation constitute harmful error. As a secondary issue is whether the administrative judge erred in not reconvening the hearing in order to give Mr. Bebley an opportunity to question the deciding official about his use of what we call Exhibit 21, which was Mr. Bebley's criminal history. You covered that earlier in the proceeding, right? Say again? You had, you were aware of the criminal history. We were aware that the criminal history was an exhibit to the base document, which was the report of investigation by the security forces, but that, I saw that a few weeks before the hearing and at the pre-conference or pre-hearing conference, I raised the issue about why it had been omitted from the agency's responses, both initially during the removal process as well as during the appeal process. They had never produced that, although in the statement they said that they produced it during discovery and looking back at it, their discovery responses were merely it has been included as a part of the agency responses. They never responded with that particular document as a part of the report of investigation. Okay, but you knew it had been before the agency, it was part of the agency file, and you could have asked about it, right? You could have asked whether the deciding official relied on it or saw it, right? During the hearing, because we were aware of it, we could have asked about it, but that's like asking about the Mueller report, what was in it, without knowing what was in it. Questioning somebody about it without knowing what was in it. We did not know what his criminal history was. He did not know what it was. It could have been anything. You didn't have a copy of this? Excuse me? I thought that we had a copy of this at the time of the hearing. No, we did not. That's the problem. We did not have a copy of it. We asked about it before the hearing. The agency was supposed to bring it to the hearing, produce it. They did not. During the hearing, the administrative judge ordered the agency to produce it, and it was not produced until post-hearing. That's the first time we saw it. No, it's not introduced into the record. The government has said before the board here that you were given a copy of it and discovered it. The government is not correct. Mr. Bebley provided me all the discovery he received through previous counsel, and it was not in there. If we look at the agency's post-hearing submission, which can be found in Appendix 36-37, they state that Exhibit 21, including the previously redacted Privacy Act material, but again omitted Exhibit 21, the appellant's criminal history, when it filed its submissions January 12, 2018. It said, again, omitted. It omitted it during the removal process. It did not provide it, although it says it provided it during the discovery process. It did not. The agency did not provide that to the appellant. The first time he saw it, and that's in his declaration, which can be found in Appendix 45-46, he says the first time he saw it was in the post-hearing submissions. The agency was supposed to- Can you point us to whether or not that criminal history that you're referring to, whether it was material to the decision to remove Mr. Bebley? The charge against Mr. Bebley was based on a May 11, 2016, incident, and the charge was conduct unbecoming a federal employee, and the specification had to do with alleged threats that he made toward his supervisor. Although the word threat is never used within the charge or the specifications, which lowered the burden of proof for the agency, but during the hearing, it became very apparent that persons who were there, the supervisor, they felt threatened. They perceived Mr. Bebley as a threat. Now, the reason that this exhibit, this criminal history exhibit, is material is because it shows a different light of Mr. Bebley. It shows that he had one count of assault with the intent to cause bodily injury. It shows that he has a conviction in his record for burglary. If a deciding official is looking at a criminal history of an employee who has been alleged to have done certain things, such as threatening others and, you know, threatening them with bodily harm, and if he has a criminal history of assault to cause bodily injury. So I would agree that the criminal history is prejudicial to your client, but the question is whether it was actually relied on or not by the deciding official. In the notice of proposed removal, and that starts at page 29, the proposing official 29 of the appendix, 29 of the appellant's brief. The appendix, right? The appendix attached to the group brief. Right, yes. Okay. There's no reference there to any criminal history, is there? No, there's no reference to that specific criminal history or that specific exhibit. The reference is to the report of investigation. The report of investigation was the basis of the removal action because it provided all the witness statements, it provided all the information that the management officials primarily relied upon in order to make their decision. Unlike Ward and Young, where the management official, or excuse me, the deciding official received ex parte communications after the employee had responded to the notice of proposed removal, in this situation, the document that we're complaining of was taken out of the base document that was used for the removal process, and another document submitted into its place when it was given to Mr. Bedley to respond to. We don't know... Where, before the agency, did you say, we didn't get a copy of this criminal history document during the hearing, and therefore we couldn't ask about it, and please reopen the hearing? Where do you say that? In the pre-hearing conference is when we asked about that document. No, no, I understand, but I'm asking you, after the hearing was over with, you say that they finally submitted Exhibit 21, or whatever it's called. Where did you say, okay, now that we've seen this document, we were prejudiced, we want to reopen the hearing so that we can ask about it? We asked that of the judge following our first review of that document. And on page two, the judge says that... What page of the appendix? I'm sorry, appendix two. Appendix two? Page two of the appendix. It states, this is one, two, three, four, five, five lines down. At the hearing, the appellant's representative requested that the agency submit a copy of the criminal history document for the record, and the agency did so. And that was afterwards, though. Yeah, but where did you complain about that? The appellant subsequently submitted a declaration responding to the document arguing that if the deciding official considered it, it would have been prejudicial and violated his due process rights. Yeah, but that's not my question. My question is, where did you say, we didn't have this document during the hearing, we would like to have the hearing reopened so we can question about it? I believe that that was a verbal request of the administrative judge. It was not a motion for reopening. Where do we find a reference to that? Where do we find a description that you did that? I don't believe it's part of this record. Okay. In the cases that have been before the court before, they have not contemplated the issue that's here before us today, that a document has actually been removed from the base document used for removal. I see I'm into my rebuttal time, so I'd like to reserve that for after the agent's or the respondent's presentation. Okay. Thank you, Mr. Burtard. Mr. Kerr. May it please the Court. The Air Force did not, as Petitioner alleges, try to hide Exhibit 21 to the report of investigation, the ROI, from the Petitioner. The government did not submit Exhibit 21 to the Board, recognizing that neither the proposing official nor the deciding official relied upon it. The record doesn't show that you gave him a copy of this in discovery the way your post-hearing brief states. I mean, there's nothing in the record that shows that that happened, right? There are statements by the agency attorney that it was provided in discovery. Because this issue, it's incumbent on the Petitioner to raise the due process issue in a timely fashion because this issue came up after the hearing. Yeah, apparently there's no statement contradicting that by the Petitioner in this record, right? Well, right. There's no evidence that the Air Force kept this from Petitioner during the appeal process and kept it, or nor kept it from Petitioner during the removal process. The notice of proposed removal informed Mr. Babley that he was entitled to the government's evidence, and it told him who to contact to do so. He did that, and in the rebuttal response, Mr. Babley refers to the report. There's no evidence that Mr. Babley did not have access to the full report when he responded to the notice of proposed removal. There's also no evidence that the Air Force kept the exhibit from Petitioner during his appeal. As we've just discussed, the agency counsel has in the record his statement that a complete unredacted copy of the report of investigation, including Exhibit 21, was provided to Petitioner, and this would have been Petitioner's counsel at the time, John Mahaney and Sterling de Ramos, and that was provided in August of 2017, well before the pre-hearing submission, which was in January of 2017. The Petitioner did not raise a due process claim in his pre-hearing submission. However, five days later at the pre-hearing conference, he asked about the missing exhibit, so he had that information. He could have raised this issue in his pre-hearing submission, and then the government would have had a chance to put on evidence to refute it. He raised it at the pre-hearing conference. It was explained to him that because it was not material to his appeal, it was not relied upon for the proposal of removal or for the decision to remove, and it was considered it could be prejudicial that it was not included with the government's filings to the board. In the pre-hearing conference, when Mr. Bevely, you said Mr. Bevely's counsel said, we haven't seen this document, we need it, right? Did the government say, what do you mean we haven't, you haven't seen the document? In August of 2017, we provided it to you. It's my understanding that Mr. Bevely's counsel asked why it was missing, why it wasn't included in the. It was the government's response. The government's response was. It isn't missing. It may be missing from the official board file, but you have it. That was the government's response. The government provided it in discovery. I'm sorry, do we have the record of the colloquy on the pre-hearing conference or not? No, we have the pre-hearing conference summary in the record. Which is here. And that's at, it's tab 28 of the certified list, but it's also supplemental appendix 26. So in the supplemental appendix to the red brief on 26, it starts on page 23, I'm sorry, but the portion on exhibit 21 is on page 26. And also, I would like to make a clarification of this summary. This state's appellant objected to agency submission of exhibit 21. It's my understanding that the agency did not include exhibit 21 to the submissions, because it was possibly prejudicial and irrelevant. And we refer to this on page 17 of our brief. But this is to show the petitioner was aware at this time, at the pre-hearing, of why exhibit 21 was not included in the submissions to the board. And should have been aware that it was received in discovery by Mr. Bevely's prior counsel, Mr. Mahoney. So this summary doesn't specifically talk about whether Mr. Bevely and his counsel had it and not only about whether it was in the board record. That's correct. This doesn't talk about the prior submission during discovery. That's referenced in the agency's post-hearing submission. The declaration. The declaration, yes. Petitioner, therefore, could have asked the decided official at the hearing whether exhibit 21 played a part in his consideration. The administrative judge, in her opinion, says that the petitioner didn't ask for exhibit 21 until the hearing. And then petitioner concedes that he did not ask the deciding official questions about the exhibit and about the possible impact on the decision to remove petitioner. The administrative judge ruled in her decision that the deciding official incredibly testified that he would have removed petitioner based on the May 11th incident alone. And as I mentioned before, it's incumbent on Mr. Bevely to raise his due process argument timely, which it was only raised in a post-hearing submission and that was not in a timely fashion. The board found that there is no record evidence that appellants due process. It's certainly not clear that having the deciding official say that I didn't rely on this is sufficient to eliminate a due process problem if, in fact, he had it and considered it and the employee wasn't made aware of it at the time. By keeping it out of the board record because of the possible prejudicial effect, the Air Force admits that it could be prejudicial. The Air Force provided the whole case file to Mr. Bevely in order for him to respond to the notice of proposed removal. But not exhibit 21 at that time. That included exhibit 21. At that time, the decision to remove it from the board record was based on the fact that neither the deciding official... I guess I need clarification. Long before you get to the board, before there's an appeal, we're now just in front of the agency and there's a notice of proposed removal and then a decision-making process. At that point, is the evidence that exhibit 21 was provided to Mr. Bevely? Well, the evidence shows that he was provided the report, but it's not detailed enough to show that he was provided the full report, exhibit 21. But there's no evidence showing that he wasn't provided the full report. So what is the evidence that he was provided the report? Well, in the notice of proposed removal, he was informed that he's entitled to see the government's evidence and then was told who to contact to do so. And then in his rebuttal response, which is in the Supplemental Appendix 15, the report... I'm sorry, rebuttal response is now. So this is... He's in the board after the agency. No, I'm sorry. No, I'm still back in where the removal process... Okay. So when I say rebuttal response, to clarify, I mean his response to the notice of proposed removal. Okay. And it's a summary of his response because I think it was oral. And this is in the Supplemental Appendix 15. The report is, and I'm specifically on page 16, about halfway through the paragraph 4. It says, Mr. Babley continued discussing the report on how multiple members feel threatened and yet have all still worked with Mr. Babley. So Mr. Babley's referring to the report. He received the report in order for him to respond to the notice of proposed removal, and there's no evidence that he didn't receive the full report. Where does the notice of proposed removal refer to the availability of the evidence to him? So the notice of proposed removal is in Appendix page 29. It's paragraph 7 on page 830. Thank you, Your Honor. In paragraph 7 on Appendix 30, you're entitled to review the material on which this notice is based, on which was relied on to support the reasons for this proposed action. I will provide these documents to you upon request. And I guess I wasn't sure just from that language alone whether that meant everything that was in front of the proposing official or only the things that, as indicated in the notice of proposed removal, the proposing official relied on, which might not have been the criminal history. Well, it's unclear what is relied upon. Based on and relied on are not clear, right? Yes, Your Honor. This is everything that was considered, the case file, which is essentially the ROI that we've been discussing, and then also a CDI, a commander, and the D is escaping me. Oh, is that two different things? Yes, those are two different reports. The CDI is based on Mr. Babley's allegations of an unfair work environment, and that was released, I believe it was June of 2016. And those two documents essentially is the case file, and the whole case file was made available to Mr. Babley. The problem is there isn't a record citation for that. There is no record citation. With the due process claim coming up after the hearing, the government wasn't able to put on evidence of a claim that wasn't being made. The government doesn't have the burden to dispute a due process claim that's not being made. The evidence is here, and it's clear in the record that Mr. Babley was providing materials, and there's no evidence that he wasn't provided Exhibit 21. The reasoning that the Air Force used not to provide it to the board submissions didn't apply at this time because he didn't know what the deciding official was going to rely on, and it's a tricky word to use in this context. But the deciding official made clear that he reviewed the case file, and Mr. Babley was entitled and given access to that case file. The deciding official, in fact, the notice of post-removal points to the May 11th incident as being the charge and what's being relied upon. The notice of additional information by the deciding official actually called out more information from the case file to say I'm also going to consider other outbursts other than the May 11th outburst that occurred in April 2016, but didn't mention the criminal history at all. So Mr. Babley received the due process that he's entitled to for his removal. Is there what we often see, I think, a kind of Douglas factor checklist document? Absolutely, Your Honor. It's in the agency's pre-hearing submission to the board, which I think is tab 25. Is it in one of these blue or red documents? Unfortunately not. It's not in either appendix, but it's in the certified list, tab 25, just after the agency pre-hearing submission is the Douglas factors analysis. I guess it didn't make it in because it's not really being challenged, but the court will look through it and see that there's no reference to the criminal history in the Douglas factors analysis. Okay. Anything further? Nothing further, Your Honor. Thank you. Okay. Mr. Gardner. Your Honor, you have asked twice what evidence is there that Mr. Babley did not receive this Exhibit 21 as criminal history as a part of the removal packet, and the evidence we have is his own declaration, which is found in appendix 45 to 46, where he states that the first time he saw it was the day before this declaration was signed. He saw it on the 27th of March. That was the first time he'd seen it, both through the removal process, the discovery process, and the appeal process. The agency produced to him the ROI, the report of investigation, that did not include his criminal history, but they had it at some point because they removed it and submitted a different document in its place. So when we talk about whether or not his due process – This was submitted to the agency after the hearing, right? The declaration? Yeah. Yes, it was, because that's the first time we saw that particular document. We had talked about it beforehand. We had requested it during the hearing, and the judge finally made them produce it afterwards. That was the first time he'd seen it. And that's when he finally looked at what was being alleged about him – the burglary, the traffic violations, and the assault charge. The first time he'd been able to respond to those particular charges. He didn't know that was in his criminal history. And if, in this case, they had a copy of it during the removal process, if the proposing official had a copy of it, the deciding official had a copy of it, and they relied upon it in any way, any manner, then that was harmful error. And that's what's not being addressed here, is why did they take it out of the removal packet? He did not have a meaningful opportunity to respond to his criminal history possibly being considered by the deciding official. That's something that is not being answered here, is why they did that, when they did it, and who ordered it. Fair enough, but the problem is this should have been raised at the hearing, or after the hearing in the form of a request to resume the hearing. So we have this – the record is unclear as to whether this was provided earlier or not, and why wasn't it incumbent on counsel to raise this issue before the board and say, we didn't have it before, we would like to have the hearing reopened? And I'm sorry that the record does not reflect that. We did request that the judge reopen the hearing so that we could examine the deciding official, and I believe that was done verbally, not in writing. And she denied that. Is there any record here of the A.J. acting on such a request, denying such a request? No. No, other than the statement I've already written – or, excuse me, read to the court from appendix page 2. Look at appendix 52, and this is an order that reopened the record. It says no further evidence or argument will be considered unless shown to be new and material evidence not available before the close. Did this have any impact on any decision to raise the issue? We did raise the issue during this period. And as I said, I thought we had raised it at least verbally. I know we did not file a motion to reopen the hearing, but I believe we had raised it verbally. It was during this period of time when they produced the document to us, and we responded with the declaration stating that we believe that there was a due process violation from Mr. Beverly. So then this document here that says there's no further argument will be considered unless there's something different. Did that foreclose your raising the issue again? It would appear to, yes. In the government's brief on this, in the red brief under the section starting at 21, the administrative judge did not abuse her discretion when she did not reconvene the hearing. I guess does that just presuppose that, in fact, the request was made to her and she denied it? And that's my point, Your Honor, is that we did make that kind of a request and she did not grant it. The record was closed. She was not going to take any further action. We believe that there was an abuse of discretion because she didn't follow the law. If there's an obvious due process violation, I believe it's the administrative judge's obligation to reopen the hearing or at least take some action on the side of the person whose rights were being violated. Is there a transcript of the hearing? There is a transcript, Your Honor. I don't have it available with me. No, but would that transcript reveal that you made an objection at that time? I'm sure it would state whatever was stated there at the hearing, yes. And the request would have been made until after the hearing. I'm sorry? Under your theory, the request wouldn't have been made until after the hearing when you got the document? No. Or is your theory that it was made at the hearing? Even the judge says at the hearing, the appellant's representative requested that the agency submit a copy of the criminal history document for the record. So I would think that a transcript of the hearing would show that. But she notes that on page two of the appendix. Okay. And this declaration was filed the day after the hearing, correct? It was filed the day after we got the document. Okay. Okay? All right. Thank you, Mr. Pittard. Thank both counsel and the case procurator. That concludes our session for this morning. All rise. The honorable court is adjourned until Monday morning at 10 a.m.